## *In re* STATE INS. CO.*

### (*Circuit Court, E. D. Missouri.* March 21, 1883.)

1. BANKRUPTCY—LIMITATIONS (REV. ST. 5057)—MISTAKE OF LAW.

Where a creditor was led by an erroneous decision of a circuit court to believe that he could not enforce his claim against a bankrupt estate, and on that account failed to present it until the decision of the circuit court was overruled, about four years and a half after the cause of action accrued against the assignee, *held*, that his mistake as to the law was no excuse for the delay, and that his claim was barred by the limitations of the bankrupt act.

Bill to review the action of the district court in the matter of the State Insurance Company, bankrupt, upon the petition of A. J. Stillwell,

*Reported by B. F. Rex, Esq., of the St. Louis bar.

creditor, in which he asks for an order of court commanding the assignee of said bankrupt to make a report showing the interest accrued upon claims allowed against the estate of said bankrupt during the litigation and subsequent to the adjudication, and the actual amount of collectible assets of the estate, and also for an order making another assessment on the stockholders of said bankrupt for the purpose of paying such interest. It appears, from the pleadings and the evidence presented to the district court, that the State Insurance Company is a corporation; that it was adjudicated a bankrupt on September 20, 1875; that the estate has not yet been closed; that the petitioner herein had presented a claim against said estate for the amount of $8,806.97, and that the same had been allowed; that all claims presented and allowed had been paid in full, except interest, and that an interest demand equal to 4 per cent. of said claims had been paid July 16, 1880; that the district court had ordered assessments on the stockholders of the bankrupt amounting to 60 per cent. of the face value of their stock; that the last assessment had been made on the nineteenth of December, 1877; that said assessment and all other assets, except the remaining 40 per cent. due from said stockholders, had been collected so far as possible and used in paying allowed claims; that litigation from which assets were expected was determined adversely to the assignee in the year 1881; and that the petitioner had requested the assignee to ask for another assessment, but that the assignee had declined to do so.

Mr. Stillwell did not file his petition until June 10, 1882. He alleged as an excuse for his delay that he had supposed that further sums might be collected on the original assessment, and that it had been decided and held, until the late decision of the United States supreme court in *Scoville* v. *Thayer* established a contrary doctrine, that the statute of limitations of two years ran in favor of said stockholders from the date of the adjudication without any call or assessment. The district court having denied the petition, the petitioner filed a petition for a review here.

William R. Walker, assignee of the estate of said bankrupt company, demurred to the petition on the following grounds, viz.:

"(1) That said petition for review shows on its face such gross laches on the part of petitioner as to disentitle him to the relief asked by him in his said petition; (2) that the granting of such relief would have the effect of protracting indefinitely the final settlement of said estate, which would be entirely contrary to the policy of the bankrupt law, as repeatedly expounded

by the supreme court of the United States; (3) that the proceeding brought herein by petitioner is not maintainable, because the same was not brought within two years from the time when petitioner's cause of action, if any, accrued against the assignee, and said assignee sets up and claims the benefit of section 5057 of the Revised Statutes of the United States, title, 'Bankruptcy;' (4) that said petition is in other respects vague, indefinite, and uncertain, and insufficient."

*Leonard Wilcox*, for petitioner.

*Walker & Walker*, for assignee.

McCRARY, J., (*orally*.) It is a rule of the bankrupt law, under which the affairs of this company were settled, that all the claims against the estate shall be presented within two years after proceedings begun. To expedite the settlement of the affairs of the insolvent concern is as much an object of the law as fairness and equality. In view of this rule, I think that in waiting four years and a half before presenting his claim the petitioner was guilty of such laches as will act as a fatal bar to his claim. That by relying upon the correctness of Judge DILLON's opinion petitioner is able to present sufficient cause to excuse his negligence, I cannot admit. It is unfortunate oftentimes that parties are led into error by a mistaken notion of the law; but yet, for its own preservation, it is presumed that every individual is cognizant of the law; and a mistake from this cause can be no valid foundation for a claim, nor can it act as an excuse for what is clearly laches. Again, to open the affairs of the company by allowing this claim, would entail an almost unlimited number of lawsuits, for each apparently-satisfied creditor would return for the interest upon his claim. The sum of the interest, which has been increasing for seven years and a half, would now amount to an enormous figure, and would become a grievous burden upon the stockholders, which would not have been the case if the creditors, by exercising proper vigilance and diligence, had claimed the interest at the time that they did the principal, for then the difference would have been but slight. In view of these considerations I must affirm the judgment of the district court.